UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:05 CV 492 – MU

| | |
|---|---|
| WILLIAM C. HARDIN, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BELMONT TEXTILE MACHINERY )<br>COMPANY, WALTER RHYNE, individually )<br>and in his official capacity as a corporate )<br>officer, and JEFFREY RHYNE, individually, )<br>and in his official capacity as corporate )<br>President. )<br>)<br>Defendants. )<br>) | **CONSENT PROTECTIVE ORDER** |

WHEREAS, William C. Hardin, Jr., Plaintiff, has brought the present action against Belmont Textile Machinery Company and Walter Rhyne and Jeffrey Rhyne, individually; and

WHEREAS, the parties and non-party witnesses may have information which is or will be encompassed by discovery demands made by another in this case that includes confidential research, development, marketing, personal, proprietary, or commercial information within the meaning of Rule 26(c) of Federal Rules of Civil Procedure; and

WHEREAS, discovery from the parties will likely require the disclosure of information that is sensitive, proprietary, or confidential; and

WHEREAS, it would serve the interests of all parties that certain information which is subject to discovery in this matter and that may include information of a potentially confidential

1

and/or proprietary nature, be protected from unnecessary disclosure under a Consent Protective Order; and

WHEREAS, Plaintiff is prepared to share such information with Defendants, and Defendants agree to share similarly sensitive information as may be properly requested in discovery, subject to this Consent Protective Order;

NOW THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of the parties, each through their respective counsel, the Court enters the following protective order to enable the parties to make certain disclosures:

1. This Consent Protective Order governs the use and protection of business and commercial information and other matter of a confidential, proprietary or trade secret nature, whether contained in documents, financial statements, deposition testimony, deposition exhibits, or any other written, recorded or graphic matter produced, or obtained from any party or its Representative, by any other party from and after the date hereof, whether provided in oral, written, or electronic form, and whether or not provided pursuant to a discovery request, together with any and all information contained therein (collectively "Confidential Materials"). The above-captioned litigation shall be referred to collectively as the "Litigation." "Representative" means, with respect to any party, his or its respective officers, managers, representatives, or agents, including its legal counsel.

2. The parties agree that neither any Confidential Material nor the information contained in such Confidential Material shall be used for any purpose outside of this litigation; that such materials or information shall not be disclosed except pursuant to the terms of this Consent Protective Order, and shall not be used in any action or proceeding other than the Litigation without the written agreement of the parties or without further order of this Court.

3. Any party may designate as confidential any documents and other tangible materials or things that may be produced by that party, or information provided by a party or his or its Representative, including testimony in any deposition or hearing conducted in the Litigation. Such designation shall be made by marking such document or by declaring or labeling such information as "Confidential Material" in the following manner:

(a) by affixing the word

**"CONFIDENTIAL"**

on the first page of any document or other material by stamp or other method that will make that word conspicuous prior to its being produced by the party;

(b) by letter to opposing counsel designating such material or information as confidential; or

(c) in the case of deposition or hearing testimony or any portion thereof, by a statement to that effect on the record by counsel for the Defendant during or before the close of the deposition or hearing, or in writing within thirty days of the designating party's receipt of any transcript thereof.

Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Material, counsel for that party should indicate in a clear fashion that portion of the document or testimony which is intended to be designated as confidential.

4. Confidential Materials shall not be disclosed to or discussed with any person by any party or party representatives, except:

(a) The parties, including officers or employees of a corporate party whose access to Confidential Material is deemed by counsel for that party to be necessary to the

preparation or defense of this action. Disclosure of Confidential Material to such persons identified in this subparagraph shall be confined to those materials deemed necessary by counsel for that purpose. In addition, such individuals shall not be permitted to keep copies of the Confidential Material.

(b) Counsel of record for the parties and such employees and agents of such counsel (including legal assistants, and other persons employed and supervised by such counsel) as are necessary to assist such counsel in the preparation of the Litigation;

(c) Outside expert witnesses consulted or retained by a party for the purpose of giving advice or testimony in the Litigation; provided, however, that Confidential Materials may not be disclosed to or used by such person, without such person signing an undertaking in the form attached hereto, and may not be used for any other purpose whatsoever; and

(d) The Court (including the courtroom clerk, a neutral in any alternative dispute resolution proceedings, any jury selected in this case, court reporter and other court personnel), pursuant to further Order of this Court regarding the conduct of any hearing or other proceeding of the Litigation.

(e) Service contractors (such as outside photocopy or imaging services).

(f) Court reporters taking testimony involving Confidential Material and their support personnel.

5. It shall be the responsibility of counsel for each party to this action to insure that qualified persons receiving Confidential Material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Prior to any disclosure to such qualified persons identified in Paragraph 4(c), 4(d), 4(e) and 4(f) above of any Confidential Material such

persons must have signified in writing in a form attached hereto as **Exhibit A** that she/he has read and consents to abide by the terms of this Order.

      6.    Counsel for the disclosing party shall maintain a complete and current file of such written consents, which file shall be available to the Court in the event of a dispute as to whether any provision of this Order has been violated. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

      7.    Nothing contained in this Order shall prevent disclosure or use of Confidential Material in connection with depositions of non-qualified persons, so long as such disclosure or use is deemed necessary in the judgment of counsel proposing to disclose or use such material for the prosecution or defense of this action and the deponent has signified in writing in a form attached hereto as **Exhibit A** that she/he has read and consents to abide by the terms of this Order. Whenever Confidential Material is to be discussed or disclosed at a deposition, the party asserting the privilege may require the exclusion from the room of any person, other than the deponent, who is not a qualified person under this Order. In the event that a party wishes to use Confidential Material in any document, pleading or deposition transcript filed in this litigation, such document, pleading or transcript (or the part thereof containing Confidential Material) shall be filed under seal. Any Confidential Material used at any hearing or trial of this matter shall be submitted under seal and maintained as Confidential Material unless directed otherwise by the Court. Use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court or express agreement by both parties.

8. Upon written notice to counsel for a party, another party may seek to be relieved from some or all of the restrictions contained in this Consent Protective Order on the use of such Confidential Materials. Promptly on receipt of such notice, or at such later time as the parties' counsel may mutually determine, counsel shall confer in an effort to resolve the issues presented by such notice. If counsel are unable to resolve any such issues, the party seeking relief from said restrictions may apply to the Court for such relief on written notice to all other parties.

9. If Confidential Material is included in any papers filed with the Court in the litigation, such papers shall be properly labeled as "Confidential Materials;" shall be filed under seal and kept under seal until further Order of the Court. "Confidential Materials" shall not be filed on the Electronic Court Filing (ECF) system, but are to be filed in the conventional manner by delivery to the Clerk's office. Any papers containing such Confidential Materials shall be filed and served only in a sealed envelope on which a statement substantially in the following form shall appear in writing:

"FILED UNDER SEAL PURSUANT TO CONSENT PROTECTIVE
ORDER OF [insert date of Order]"

10. In the event that any additional persons become parties to the Litigation, no such additional party shall have access to Confidential Materials until the party has executed and filed with the Court a copy of this Consent Protective Order, agreeing to be bound thereby, or an undertaking in substantially the form attached hereto.

11. Within thirty (30) days upon the conclusion of the proceedings in the Litigation wherein the Confidential Materials are relevant, all Confidential Materials and all copies thereof shall be returned to the producing party or destroyed at such party's option, subject to any final order(s) of the court. Parties and counsel may retain copies of briefs and other papers filed with the Court in the Litigation that contain Confidential Materials, so long as such briefs and other

papers are maintained in accordance with the provisions hereof. The provisions of this Consent Protective Order restricting disclosure and use of Confidential Materials shall continue to be binding after the conclusion of the Litigation, without written waiver of such provisions by the Defendants subject to further orders of this Court.

12. Any Confidential Materials that are inadvertently produced without written notice or designation of their restricted nature may be so designated by any party within a reasonable time following the discovery that such materials were produced without appropriate designation.

13. A party's inadvertent disclosure or production of material subject to the attorney-client privilege or the work product doctrine shall not be deemed to constitute a general waiver of privilege. If such privileged material is inadvertently provided to a party or its Representative, the receiving party shall return such material to the other party, either upon demand or immediately after recognizing that production of the material was inadvertently made, whichever is earlier.

14. No party shall be deemed as a result of this Consent Protective Order or any production pursuant to it to have conceded the appropriateness of the designation of any document or other tangible material, information or testimony as being Confidential Materials, or to have waived any objection to disclosure of any discovery materials on any ground other than confidentiality, or to have waived any other right, defense or objection that otherwise might be interposed in the Litigation.

15. This Consent Protective Order does not prohibit any party from withholding any documents or information on the basis that such information or documents are of a privileged nature, and should not be produced or disclosed under any circumstance. In such instance, such party shall make the claim expressly and shall describe the nature of the documents or information not produced or disclosed in such a manner, without revealing the content of the documents or

information not produced or disclosed, that will enable the requesting party to assess the reasonableness of such refusal to produce or disclose. If the requesting party disagrees with such designation, any party may bring such matter(s) before the Court, at any time, upon reasonable notice to opposing counsel by motion, to protect or compel the production of such documents or information.

16. If a party or party's representative receives a subpoena or other compulsory process seeking disclosure of any Confidential Materials in his or its possession, said party or representative shall give written notice (including a copy of the subpoena or compulsory process) within five (5) business days after receipt thereof to the attorneys for the other party(ies). In no event shall the person receiving such subpoena or compulsory process disclose any Confidential Materials before giving notice to all other parties.

17. This Consent Protective Order is without prejudice to the right of any party to seek relief from or modification of any provisions contained in this Consent Protective Order by motion to the Court upon reasonable notice to opposing parties' counsel.

18. The parties hereto may modify the provisions of this Consent Protective Order at any time, by (a) stipulation signed by all parties hereto and approved by Order of the Court, or (b) upon motion following reasonable notice to opposing parties' counsel and subsequent order of this Court.

19. This Consent Protective Order shall survive the final termination of the Litigation with respect to Confidential Material, and the Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Consent Protective Order.

Respectfully submitted this the 7th day of December, 2006.

| | |
|---|---|
| _s/William E. Moore, Jr._____ | _s. G. Bryan Adams, III_____ |
| William E. Moore, Jr. | Philip M. Van Hoy, N.C. Bar No. 5869 |
| NC Bar No. 9962 | G. Bryan Adams, III, N.C. Bar No. 17307 |
| GRAY, LAYTON, KERSH, SOLOMON, | Van Hoy, Reutlinger, Adams & Dunn |
| SIGMON, FURR & SMITH | 737 East Boulevard |
| Post Office Box 2636 | Charlotte, NC 28203 |
| Gastonia, NC 28053 | (704) 375-6022 |
| (704) 865-4400 | Email:  pvanhoy-vrad@carolina.rr.com |
| Email:  bmoore@gastonlegal.com |             badams-vrad@carolina.rr.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANTS** |

**APPROVED AND SO ORDERED:**

Signed: March 19, 2007

Graham C. Mullen
United States District Judge

9

**EXHIBIT A**

## Acknowledgment and Agreement

I hereby acknowledge that I have read the Consent Protective Order (the "Order") in the action entitled *William C. Hardin, Jr. v. Belmont Textile Machinery Company, Walter Rhyne and Jeffrey Rhyne*, United States District Court for the Western District of North Carolina, Civil Case No. 3:05-CV-492, that I understand the terms thereof, and that I agree to be bound by those terms. I understand that I may be subject to contempt for violating this Order and will be subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce that Order.

Date: _____

_____
[Signature]